**FILED**
**Apr 18, 2019**
**08:23 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **LILLIAN HOWARD,** | ) | **Docket No. 2018-05-0841** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **NHC HEALTHCARE/PULASKI, LLC,** | ) | **State File No. 60684-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **PREMIER GROUP INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the Court on April 10, 2019, for an Expedited Hearing on Ms. Howard's entitlement to medical and temporary disability benefits. The central issues are whether she is likely to establish at a hearing on the merits that she gave proper notice and, if not, whether her injury arose primarily out of and in the course and scope of her employment. For the reasons below, the Court holds Ms. Howard provided adequate notice but is not entitled to the requested benefits at this time.

### History of Claim

Ms. Howard suffered a back injury while working for another employer in 2015. That employer accepted the claim as compensable and provided treatment with Dr. Robert Clendenin. This Court approved the parties' settlement of the claim in May 2017, with Dr. Clendenin designated as the authorized physician for future treatment. Ms. Howard was unable to return to her job and eventually began working for NHC at the end of October 2017.

Ms. Howard testified that she felt something happen to her back while taking a

1

load of laundry out of the washing machine at work on February 2, 2018.[1]  She finished her shift and went to the office of her supervisor, Chasity Jones, to report the incident. She could not locate Ms. Jones, so she clocked out and went home.  When Ms. Howard's husband learned she was suffering from back pain, he advised her to report the injury, so she called Ms. Jones at work and told her what had happened.  Ms. Jones told Ms. Howard to keep her informed.

The next day was Saturday, and Ms. Howard traveled to Huntsville with her family for some shopping.  When they arrived at the mall, she began having difficulty walking due to back pain.  She cut the trip short and returned home.  Her pain worsened to the point that she had to go to the emergency room on Sunday.  She returned to the emergency room on Monday.

On Tuesday, Ms. Howard went to her primary care doctor because the medicines and injections from the emergency room were ineffective.  His treatment provided no relief either.  Ms. Howard had a follow-up appointment scheduled with Dr. Clendenin under her previous workers' compensation claim, and she called to see if that appointment could be moved up.  She could not get her appointment changed, so she saw Dr. Clendenin on February 27.

Following that appointment with Dr. Clendenin, Ms. Howard called an administrator at NHC, who said that her claim was denied.  Beginning with her first emergency room visit, Ms. Howard's doctors assigned temporary restrictions or took her completely off work, and she has not worked for NHC or any other employer since February 2, 2018.

On cross-examination, Ms. Howard admitted that she described her injury in the Petition for Benefit Determination (PBD) as occurring over a period of five months of "pulling, tugging and lifting wet laundry."  She explained that the PBD was incorrect and that she sent it in by error.

Ms. Jones testified that Ms. Howard reported hurting her back at home in December 2017, which caused her to miss work.  She denied receiving any notice of a work injury on February 2, 2018, although Ms. Howard left a voicemail that she would be out of work on February 5 because of her back.  Ms. Jones said Ms. Howard did not report a specific work injury until the last week of February.  At that time, Ms. Howard was unable to identify a specific date or incident.

Records from Dr. Clendenin show that Ms. Howard saw him on February 27 for follow-up of her previous work injury.  He noted that he had not seen her since the

---

[1] There was some confusion as to the exact date, but Ms. Howard said she was sure it was the first Friday in February, which the Court notes was February 2.

previous April. Ms. Howard "was doing well until about the second of this month when she was shopping and developed acute onset of severe pain in her back and leg." She reported severe pain. Dr. Clendenin assessed possible acute right lumbar radiculopathy with a significant possibility of a new disc herniation.

On March 1, Ms. Howard returned to Dr. Clendenin after her MRI. He noted a new right paracentral protrusion at L5-S1. At the next visit, Dr. Clendenin noted that Ms. Howard was much better after an epidural injection. He recommended either another injection or a surgical referral.

Ms. Howard had the injection and returned to Dr. Clendenin's office on May 30, where she saw Mary Feulner, a nurse practitioner. Ms. Howard, who was using a wheelchair, reported significant back and right leg pain. NP Feulner noted, "She is wondering if her symptoms are from an injury she had in January." After a third epidural injection, Ms. Howard saw Dr. Clendenin on July 10 and reported significant improvement in her pain. He told her she could seek a second opinion with a back surgeon if she wished, and he encouraged her to find a lighter job.

At the hearing, Ms. Howard requested that the Court order NHC to provide additional medical treatment. Her PBD also included requests for temporary disability benefits.

NHC contended that Ms. Howard's claim is barred by her failure to provide proper notice of an injury. It also argued that, even if notice were legally adequate, Ms. Howard failed to prove she is likely to establish that she suffered an injury by accident arising primarily out of and in the course and scope of her employment. For these reasons, it asked the Court to deny her request.

## Findings of Fact and Conclusions of Law

### *Standard applied*

Ms. Howard need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, she must present sufficient evidence she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

### *Notice*

Tennessee Code Annotated section 50-6-201(a)(1) provides that an injured employee must give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the accident or that "reasonable excuse for

3

failure to give the notice is made to the satisfaction of the tribunal." The parties dispute whether Ms. Howard actually gave NHC notice of her alleged February 2, 2018 injury.

The answer to this question lies in the C20 First Report of Injury filed by NHC. Contrary to Ms. Jones's testimony, the First Report states that NCS received notice of the injury on February 5, only three days after the alleged injury date.

Further, Tennessee Code Annotated section 50-6-201(a)(3) provides that failure to give notice will not bar a claim unless the employer can show it was prejudiced by the lack of notice. Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to provide timely and proper treatment for the injured employee. *See Masters v. Industrial Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980). NHC presented no evidence of any prejudice to its ability to defend this claim or provide proper medical treatment.

For these reasons, the Court holds that Ms. Howard is likely to prevail at a hearing on the merits on the issue of notice.

*Compensability*

To prove a compensable injury, Ms. Howard must show that her alleged injuries arose primarily out of and in the course and scope of her employment. This includes the requirement that she must establish a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A).

Regarding the requirement to identify a work-related incident, the PBD Ms. Howard completed and signed did not describe a specific incident. Instead, she wrote that her injury occurred over the course of several months. The First Report of Injury states that she was unable to describe what happened or when. Further, the only medical records introduced do not support her contention that she suffered a discrete, identifiable injury on February 2, 2019, as they do not mention an injury until her fourth visit, four months later. Even then, nothing indicates that the injury occurred at work. Under these circumstances, the Court cannot find at this time that Ms. Howard is likely prove the existence of the "work-related incident" required by section 50-6-102(14)(A).[2]

Even if Ms. Howard were to establish an identifiable injury, she would have to show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering

---

[2] The definition of "injury" in Tennessee Code Annotated section 50-6-102(14) includes cumulative trauma or repetitive motion conditions. However, Ms. Howard claimed in her affidavit and insisted at the hearing that she was seeking benefits for a specific February 2 injury. Further, she explicitly disavowed the allegations in her PBD and denied a gradual injury. Based on that testimony, the Court cannot find she would likely prevail on a claim for a cumulative trauma injury.

4

all causes." "Shown to a reasonable degree of medical certainty" means that, "in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility." *See* Tenn. Code Ann. § 50-6-102(14).

The only medical records introduced at the hearing were those of Dr. Clendenin, who did not address causation. Thus, Ms. Howard offered no evidence that her work contributed more than fifty percent in causing her need for medical treatment.

Ms. Howard appeared sincere in her belief that her work activities caused her condition. However, the Court must abide by the causation requirements of the Workers' Compensation Law and cannot infer from the mere existence of Ms. Howard's back condition that her employment caused it. The Court thus finds she is unlikely to prove at this time that her condition arose primarily out of and in the course and scope of her employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Howard's claim against NHC Healthcare and its workers' compensation carrier for the requested medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on June 18, 2019, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

**ENTERED this the 18th day of April, 2019.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

5

**APPENDIX**

Exhibits:
1. Affidavit of Lillian Howard
2. First Report of Injury
3. Notice of Denial of Claim
4. Physician Return-to-Work certificates
5. Imaging Reports
6. Medical Records
7. Settlement documents from previous workers' compensation claim
8. December 12, 2017 treatment note (Identification Only)
9. Wage Statement

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. NHC's Response in Opposition to Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 18th day of April, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Lillian Howard, Employee | | | X | Lilhoward9894@gmail.com |
| Frank Gallina, Employer's Attorney | | | X | fgallina@plcslaw.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits

☐  Medical benefits for current injury

☐  Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*Attach an additional sheet for each additional Appellant *

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                  RDA 11082